UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HELOISA APARECIDA GOMES GUALBERTO<br>Petitioner,<br><br>v<br>ANTONE MONIZ, Superintendent, Plymouth County Correctional facility,<br>PATRICIA HYDE, Field Office Director,<br>MICHAEL KROL, HSI New England Special Agent in Charge,<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and<br>KRISTI NOEM, Secretary of Homeland Security | Case Number: 26-cv-10025 |

## PETITIONER'S EMERGENCY MOTION FOR PETITIONER'S IMMEDIATE RELEASE FROM ICE CUSTODY. PETITIONER'S EMERGENCY MOTION FOR IMMEDIATE RETURN TO MASSACHUSETTS AT NO COST TO THE PETITIONER.

### INTRODUCTION

1. The Petitioner is currently being unlawfully detained by ICE at the Richwood Correctional Facility in Richwood Louisiana. US Immigration and Customs Enforcement (ICE) and the United States government are in violation of the Petitioner's 8th amendment and 5th amendment constitutional rights.

2. On February 13, 2026 this Court Ordered the Immigration Court to hold a bond hearing for the Petitioner via WebEx before the Chelmsford Immigration Court.

3. That bond hearing was held on Thursday, January 19, 2026, before the Chelmsford Immigration Court.

4. The Chelmsford Immigration Court Ordered Petitioner's release on a bond of $4,500.

5. On understanding and belief, on February 20, 2026, Susan Shepard, a volunteer for the Beyond Bond and Legal Defense Fund, arrived at approximately 9-9:30 am eastern time at the Burlington ICE Processing Center at 1000 District Avenue Burlington Massachusetts 01803 to pay the bond of $4,500 for the Petitioner. She had a bank check for $4,500 with her to present to ICE payable to the Department of Homeland Security. ICE would not accept payment.

6. Ms. Shepard told this Counsel that ICE told her that she could not pay the bond because she did not have a real ID driver's license.

7. Ms. Shepard was physically present at ICE from when she arrived between 9-9:30am until they told her to leave the facility at about 3:30pm on February 20, 2026. She mentioned she went to Starbucks at some point during the day as well. That she could not pay the bond because she did not have a Real ID Driver's License with her. They told her about their reason for denying her the ability to pay the bond at the end of the day just before they asked her to leave the building at about 3:30pm.

8. However, it appears ICE Burlington was going to take the bond check but ended up not doing so. Ms. Shepard said in her text exchange with this Counsel " They are taking the checks. LA Aid has texted you on whatsapp. They will text ICE in Richwood about pickup. Take that back IT IS NOT APPROVED YET."

9. Susan Shepard told this Counsel that she has never had an experience like this with ICE. She said she has paid over one hundred bonds in the past for ICE detainees and they have never given her a runaround like this before.

10. During one point Susan texted this Counsel and said the following: 'Just talked to the ice guy in New Orleans who can't seem to figure out how to click on something to approve the bond."

11. Additionally, this Counsel reached out to Michael Sady, AUSA on this case, as well as Renee LaRosee (Assistant Chief Counsel, Office of the Principal Legal Advisor, Boston, Chelmsford Sub-Office, U.S. Immigration and Customs Enforcement). Ms. LaRosee is the attorney who appeared for the government at the Petitioner's bond hearing before the Chelmsford Immigration Court on February 19, 2026.

12. Ms. LaRosee said the following at 3:11 pm to this Counsel on February 20, 2026 "Sorry about the delay. Burlington is waiting Oakdale to approve. Oakdale asked me to approve. I told them she can post-trying to coordinate. Thank you for your patience."

13. Then around 3:30 pm ICE officials in Burlington asked Ms. Shepard to leave the building without letting her pay the bond.

14. But this seems highly unreasonable and outrageous and prejudicial. First, Ms. Shepard has paid over one hundred bonds as a volunteer and has never, according to her statement to this Counsel, run into a problem like this before. Additionally, this bank check Ms. Shepard presented to ICE is not a personal check and based on this Counsel's understanding, payment is guaranteed by the bank. So the government should not be concerned about whether or not they will receive payment.

15. Whether Ms. Shepard has a real ID driver's license or not should not be an issue. She is representing the Non-Profit Beyond Bond and Legal Defense Fund as a volunteer of that organization. The organization is paying the bond. Ms. Shepard is not paying the bond personally.

16. Susan said that she thinks there is something going on with ICE to prevent the bond from being paid.

## ARGUMENT

17. ICE and the US government are unlawfully denying the Petitioner's release from ICE custody in violation of the United States Constitution under the 8th amendment and the 5th Amendment.

18. The 8th amendment to the US Constitution states the following " Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

19. The Petitioner has expressed to this Counsel that she is suffering in detention. She has had difficulty eating and talking while she is in detention, and she is suffering emotionally and psychologically.

20. Now, even after an Immigration Judge has ordered her release from detention upon payment of her bond, ICE will not accept payment of the bond because the volunteer that brought the payment to ICE did not have a real ID. According to Post a Bond ICE website at https://www.ice.gov/detain/detention-management/bonds, a real ID is not a required form of identification from a representative from a Non-Profit Organization.

21. The Petitioner is stuck in Detention after she was ordered released and after an attempt was made to pay the bond. Ms. Shepard waited all day to pay the bond and only at the end of the day did they tell her she could not make the bond payment.

22. Petitioner is suffering in Detention. She misses her family and has a right to be released from ICE custody Immediately. Keeping her in detention longer than necessary appears to be unusual punishment and retaliatory in nature.

23. Keeping her confined appears to be retaliatory. The Louisiana Immigration Court denied the original bond request. Now, because the bond request was approved by the Chelmsford Immigration Court, and Richwood Correctional Center is continuing to hold her, despite the Chelmsford Immigration Court Order and her attempted payment of bond.

24. ICE and the government are denying the Petitioner her due process rights under the Constitution. The petitioner is being prejudiced by ICE because they appear to fail to follow this Courts Order, and the Chelmsford Immigration Courts Order to Release Petitioner from Custody under Bond of $4,500. ICE and the government are refusing to abide by Court orders.

25. Petitioner has an upcoming Immigration Individual Calendar Hearing on Tues February 24, 2026, before the Jena Louisiana Immigration Court where the Petitioner may be prejudiced by the Immigration Court in Louisiana.

26. Therefore, based on the above, Petitioner moves this Court for the Petitioner's Immediate Release from ICE custody and move this Court for Petitioner's Immediate return to Massachusetts at no cost to the Petitioner on an Emergency basis.

*/s/ Daniel Marc Kravitz, Esq.*

Daniel Marc Kravitz, Esq.
MA Bar No 657056
Law Office of Stephen Bandar
2000 Massachusetts Ave., Suite 2
Cambridge, MA 02140
781-866-3187
dkravitz@bandarlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2026, I served a true and correct copy of the foregoing Response upon all parties (including Respondents) on file by first-class mail, postage prepaid, and/or by electronic filing through the Court's CM/ECF, PACER system.

Daniel Marc Kravitz, esq.

Counsel For Petitioner

## LOCAL RULE 7.1 (a)(2) CERTIFICATION

I, Daniel Marc Kravitz, Petitioner's Counsel, certify that I left a telephone voice message with Michael Sady on Friday February 20, 2026, Assistant United States Attorney, regarding my intent to motion this Court.

Dated: February 21, 2026

Counsel for petitioner

By: Daniel Marc Kravitz, esq.

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner Heloisa Aparecida Gomes Gualberto, and, under the penalty of perjury, I submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Response are true and correct to the best of my knowledge.

Dated this 21st day of February 2026.

Counsel for Petitioner

Daniel Marc Kravitz, Esq.